UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| JOSHUA LEE THOMAS DEERINWATER, § § § | |
| *Plaintiff*, § | EP-23-CV-00238-MAT |
| v. § § | |
| MARTIN O'MALLEY, § COMMISSIONER OF THE SOCIAL § SECURITY ADMINISTRATION[1] § | |
| *Defendant*. | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Joshua Lee Thomas Deerinwater ("Plaintiff") appeals from a decision of the Acting Commissioner of the Social Security Administration ("Commissioner") denying his claim for disability insurance benefits ("DIB") under Title II of the Social Security Act. On August 29, 2023, due to consent by both parties, United States District Judge Kathleen Cardone assigned this case to the undersigned for a memorandum opinion and order pursuant to 28 U.S.C. § 636(c) and Appendix C to the Local Rules of the United States District Court for the Western District of Texas. For the following reasons, the Court orders that the Commissioner's decision be **AFFIRMED**.

### I. BACKGROUND & PROCEDURAL HISTORY

On May 26, 2021, Plaintiff applied for disability insurance benefits, alleging disability beginning June 1, 2017. Tr. of Admin. R. at 70 [hereinafter, "Tr."], ECF No. 8. He alleged disability due to Multiple sclerosis, tension headaches [hereinafter, "migraines"], Radiculopathy

---

[1] Martin O'Malley became the Commissioner of Social Security on December 20, 2023. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Martin O'Malley should be substituted for Kilolo Kijakazi as the defendant in this suit.

[hereinafter, "spinal impairments"], Bradycardia, arthritis, Carpal Tunnel Syndrome, Depression, vision loss, sleep apnea, knee problems, general pain, impaired coordination, and fatigue.[2] *Id.* at 77. At the time of the application, Plaintiff was 41 years old. *See id.* He served four years in the army and later completed his college degree. *Id.* at 555. In the past, Plaintiff worked as a corrections officer, truck driver, and manager at Pizza Hut and Papa Johns. *Id.* at 801–02; Pl.'s Br. at 2, ECF No. 13.

On October 21, 2021, Plaintiff's disability claims were denied, and again upon reconsideration on June 3, 2022. Tr. at 70–75; 77–84. Administrative Law Judge ("ALJ") Gordon Momcilovic held a hearing by online video on December 13, 2022, and later issued a decision denying Plaintiff's claims on January 11, 2023. *Id.* at 19–31. Plaintiff requested review of the ALJ's decision, which was denied by the Appeals Council on May 11, 2023. *Id.* at 1–6. The ALJ's decision became the final decision of the Commissioner at that time. Plaintiff now seeks judicial review of the decision.

Plaintiff presents one issue for the Court. Pl.'s Br. at 8, ECF No. 13. Plaintiff alleges the ALJ erred because he used the incorrect legal standard at step two to determine that Plaintiff's spinal impairments and migraines were not severe. *Id.* at 8–13. Further, Plaintiff asserts that this legal error "permeates the remainder of the [ALJ's] decision" and is not harmless error. *Id.* at 8, 13–14. Below, the Court addresses these arguments.

---

[2] Plaintiff appears to refer to his alleged tension headaches as "migraines" and alleged Radiculopathy as "spinal impairments." *See* Pl.'s Br. at 8–11, ECF No. 13. Defendant appears to refer to Plaintiff's alleged tension headaches as "migraine headaches" and alleged Radiculopathy as "spinal impairments." Def.'s Resp. Br. at 1, 6, ECF No. 18. For consistency, the Court will refer to Plaintiff's alleged tension headaches as "migraines" and alleged Radiculopathy as "spinal impairments."

## II.    DISCUSSION

### A.    Standard of Review

Judicial review of the Commissioner's decision is limited to a determination of whether (1) the Commissioner's final decision is supported by substantial evidence on the record and (2) the Commissioner applied the proper legal standards. *See* 42 U.S.C. § 405(g); *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014).

"Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sun v. Colvin*, 793 F.3d 502, 508 (5th Cir. 2015). In applying the "substantial evidence" standard, "the court scrutinizes the record to determine whether such evidence is present," *id.*, but it may not "try the issues *de novo*" or "reweigh the evidence." *Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018). "[N]or, in the event of evidentiary conflict or uncertainty," may the court substitute its judgment for the Commissioner's, "even if [it] believe[s] the evidence weighs against the Commissioner's decision." *Garcia v. Berryhill*, 880 F.3d 700, 704 (5th Cir. 2018). "Conflicts of evidence are for the Commissioner, not the courts, to resolve." *Sun*, 793 F.3d at 508. "A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision." *Whitehead v. Colvin*, 820 F.3d 776, 779 (5th Cir. 2016).

Generally, "[w]here . . . the Secretary has relied on erroneous legal standards in assessing the evidence, he must reconsider that denial." *Leidler v. Sullivan*, 885 F.2d 291, 294 (5th Cir. 1989). However, even if the ALJ commits legal error, "remand is warranted only if the . . . error was harmful." *Miller v. Kijakazi*, No. 22-60541, 2023 WL 234773, at *3 (5th Cir. Jan. 18, 2023) (per curiam) (unpublished) (citing *Shineski v. Sanders*, 556 U.S. 396, 407–08 (2009)); *see also Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988) ("Procedural perfection in administrative

proceedings is not required. This court will not vacate a judgment unless the substantial rights of a party have been affected."). "Harmless error exists when it is inconceivable that a different administrative conclusion would have been reached even if the ALJ did not err." *Keel v. Saul*, 986 F.3d 551, 556 (5th Cir. 2021). It is plaintiff's burden to show prejudice or harm from the error. *Jones v. Astrue*, 691 F.3d 730, 734–35 (5th Cir. 2012).

**B. Evaluation Process**

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment … which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see* 42 U.S.C. § 416(i). In evaluating a disability claim, the ALJ follows a five-step sequential process to determine whether: (1) the claimant is presently engaged in substantial gainful employment; (2) the claimant has a severe medically determinable physical or mental impairment; (3) the claimant's impairment meets or medically equals an impairment listed in the appendix to the regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from performing other substantial gainful activity. 20 C.F.R. § 404.1520(a)(4); *Salmond*, 892 F.3d at 817.

"[A]n individual claiming disability insurance benefits under the Social Security Act has the burden of proving her disability." *Hames v. Heckler*, 707 F.2d 162, 165 (5th Cir. 1983). Thus, the claimant carries the burden of proof through the first four steps. *Anderson v. Sullivan*, 887 F.2d 630, 632 (5th Cir. 1989). If the claimant meets this burden, at step five the burden shifts to the Commissioner "to show that there is other substantial gainful employment available that the claimant is capable of performing." *Fraga v. Bowen*, 810 F.2d 1296, 1301–02 (5th Cir. 1987). If

the Commissioner satisfies this burden, "the burden then shifts back to the claimant to prove that he is unable to perform the alternate work." *Id.* at 1302.

## C. The ALJ's Findings

In this case, at step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since June 1, 2017, his alleged disability onset date. Tr. at 21–22. At step two, the ALJ found that Plaintiff had the following severe impairment: Multiple sclerosis. *Id.* at 22–23. All other impairments were deemed not severe. *Id.* at 23. At step three, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* Next, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") "to perform the full range of light work as defined in 20 CFR § 404.1567(b)."[3] *Id.* at 24–29. At step four, the ALJ concluded that Plaintiff is "capable of performing past relevant work as a manager" in fast food services as generally performed. *Id.* at 29–30. At step five, considering Plaintiff's age, education, past work experience, and RFC, the ALJ concluded that there are other jobs that exist in significant numbers in the national economy that the claimant can also perform. *Id.* at 30. Specifically, the ALJ relied on the vocational expert testimony that given all these factors, Plaintiff would also be able to perform "light exertion" work as a cashier and sales attendant. *Id.* Therefore, the ALJ determined that Plaintiff was not disabled under the Social Security Act from June 1, 2017 (his alleged disability onset date) through June 30, 2021 (the date last insured). *Id.* at 30–31.

## D. Analysis

On appeal, Plaintiff presents one issue for the Court. Pl.'s Br. at 8, ECF No. 13. Plaintiff alleges the ALJ erred because he used the incorrect legal standard at step two to determine that

---

[3] Residual functional capacity is "the most [someone] can do despite [their] limitations." 20 CFR § 416.945(a)(1).

Plaintiff's spinal impairments and migraines were not severe. *Id.* at 8–13. Further, Plaintiff asserts that this legal error "permeates the remainder of the [ALJ's] decision" and is not harmless error. *Id.* at 8, 13–14. Below, the Court addresses these arguments.

### 1. *The ALJ used the correct legal standard at step two.*

The Court first addresses whether the ALJ applied the correct legal standard at step two. Plaintiff argues that the ALJ applied the wrong legal standard at step two because he failed to adopt the *Stone* definition of "not severe" and instead applied Social Security Ruling ("SSR") 85-28's definition of "not severe." *Id.* at 8–10; *see Stone v. Heckler*, 752 F.2d 1099, 1101 (5th Cir. 1985).

The Commissioner responds that the ALJ applied the correct legal standard when he adopted SSR 85-28's definition of "not severe" because *Keel v. Saul*, 986 F.3d 551 (5th Cir. 2021) establishes that SSR 85-28 "comports with the severity standard announced in *Stone v. Heckler*." Def.'s Resp. Br. at 4–5, ECF No. 18; *see Keel*, 986 F.3d at 555–56. For the reasons articulated below, the Court agrees with the Commissioner.

(a) <u>Shifting legal definitions of the severity standard at step two</u>

The Court briefly summarizes the history of how Fifth Circuit courts have defined the severity standard at step two. Under the relevant regulation, an impairment is not severe where "[the claimant] do[es] not have any impairment or combination of impairments which significantly limits [their] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). However, the Fifth Circuit has frequently affirmed that the regulatory definition of "not severe" is inconsistent with the Social Security Act's definition. *See Cardona v. Kijakazi*, No. EP-21-CV-00142-DCG, 2022 WL 16953665, at *3 (W.D. Tex. Nov. 14, 2022) (collecting cases). As such, the Fifth Circuit established under *Stone* that an impairment is not severe "only if it is a slight abnormality [having] such minimal effect on the individual that it would not be expected to

interfere with the individual's ability to work, irrespective of age, education or work experience." *Stone*, 752 F.2d at 1101.

In 1985, the same year *Stone* was decided, the Social Security Administration published SSR 85-28, a program policy statement that clarified the agency's policy to determine when a person's impairments are not severe. SSR 85-28, 1985 WL 56856 (Jan. 1, 1985). Under SSR 85-28, an individual's impairment is considered not severe "when medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work even if the individual's age, education, or work experience were specifically considered." *Id.* Following SSR 85-28's publication, district courts in the Fifth Circuit diverged over whether the *Stone* standard was consistent with SSR 85-28. *See Acosta v. Astrue*, 865 F. Supp. 2d 767, 780 & nn.13–14 (W.D. Tex. 2012) (collecting cases finding *Stone* comports with SSR 85-28 and cases holding the opposite).

In 2021, the Fifth Circuit resolved this dispute, finding that SSR 85-28 comports with the traditional *Stone* standard. *Keel*, 986 F.3d at 556. Since *Keel*, other Fifth Circuit courts have affirmed that SSR 85-28 is consistent with *Stone* and thus, is a permitted reference for step two. *See Jeansonne v. Saul*, 855 F. App'x 193, 196 (5th Cir. 2021) (finding that SSR 85-28 "is an acceptable reference for the proper standard for step two"); *Jakobs v. Comm'r of Soc. Sec.*, No. SA-22-CV-01349-OLG, 2023 WL 7138684, at *3 (W.D. Tex. Sept. 15, 2023), *report and recommendation adopted*, No. SA-22-CV-1349-OLG, 2023 WL 7132962 (W.D. Tex. Oct. 30, 2023) (holding that the ALJ applied the correct legal standard when applying SSR 85-28).

Accordingly, the Fifth Circuit has established that SSR 85-28 is consistent with the *Stone* standard and is a permissible reference for step two.[4]

(b) ALJ's proper use of severity standard at step two

The Court finds that the ALJ applied the correct legal standard at step two when he found that Plaintiff's spinal impairments and headaches were not severe. The ALJ used the SSR 85-28 severity standard, establishing that an impairment is not severe "when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work." Tr. at 20. Further, the ALJ applied SSR 85-28 when he deemed Plaintiff's spinal impairments and migraines (amongst other impairments) not severe "since they do not result in more than slight or minimal [sic] – if any - limitations of work-related function." *Id.* at 23. Given that *Keel* established that SSR 85-28 comports with the *Stone* standard, the ALJ referenced and applied a permissible severity standard for step two. Accordingly, the Court finds that the ALJ used the correct legal standard.

2. ***Even if the ALJ used the incorrect legal standard at step two, this error is harmless.***

The Court next addresses Plaintiff's contention that the ALJ's use of the incorrect standard "permeates the remainder of the [ALJ's] decision." Pl.'s Br. at 8. Specifically, Plaintiff asserts that the ALJ's application of the incorrect legal standard "affected Plaintiff's substantial rights and the outcome of the proceedings," constituting harmful error and requiring remand. *Id.* at 13–14.

The Commissioner responds that even if the ALJ committed an error at step two, it was harmless error. Def.'s Resp. Br. at 5. Specifically, the Commissioner contends that any potential

---

[4] The Court notes Plaintiff's argument that the present case is "analogous" to *Guzman v. Berryhill* where this Court previously found that the ALJ used the wrong legal standard when it applied SSR 85-28. Pl.'s Reply at 1, ECF No. 19; *Guzman v. Berryhill*, No. EP-17-CV-312-MAT, 2019 WL 1432482, at *5–6 (W.D. Tex. Mar. 29, 2019). However, *Guzman* preceded *Keel*, which established that SSR 85-28 is a permissible legal standard for step two. Accordingly, Plaintiff's argument fails on this point.

step two error was harmless because the ALJ properly considered Plaintiff's medical impairments in subsequent steps of the five-step analysis. *Id.* The Court agrees with the Commissioner.

Courts in the Fifth Circuit have found that a potential step two error does not permeate the rest of the decision where the ALJ considered all the impairments in subsequent steps, including a plaintiff's RFC. *See Enriquez v. Acting Comm'r of Soc. Sec. Admin.*, No. EP–3–17–CV–00329–RFC, 2018 WL 2293967, at *3 (W.D. Tex. May 18, 2018) (finding harmless error "even if the ALJ erred in his finding that [impairment] was non-severe at step two" because "all impairments were considered in the ALJ's formulation of Plaintiff's RFC"); *Herrera v. Comm'r*, 406 Fed. Appx. 899, 903 (5th Cir. 2010) (noting that ALJ's failure to assess the severity of a claimant's impairments at step two was not a basis for remand because the ALJ determined that a claimant, despite severe impairments, retained the RFC to do other work).

As discussed below, the ALJ considered Plaintiff's spinal impairments and migraines in his RFC assessment to conclude that Plaintiff retained an RFC "to perform the full range of light work." Tr. at 24–29.

(a) Spinal impairments

The ALJ considered Plaintiff's spinal impairments through testimony, outside medical opinions, and State Agency medical findings to determine his RFC. The ALJ noted Plaintiff's testimony when Plaintiff asserted disability due to his spinal impairments. *See id.* at 24. Nevertheless, the ALJ found Plaintiff's testimony unsupported by the medical record. Tr. at 29 ("Treatments notes in the record do not sustain the claimant's allegations of disabling pain, as there are inconsistencies between his subjective allegations and the objective medical evidence of record."). The ALJ discussed Plaintiff's 2017 CT scan of his lumbar spine, which revealed "'very mild' facet arthropathy." *Id.* at 25. The ALJ also considered a September 2021 x-ray that showed

that Plaintiff's thoracic and lumbar spine were normal. *Id.* at 27. Finally, the ALJ considered the State Agency medical consultant reports in October 2021 and May 2022, which reviewed medical evidence about Plaintiff's spinal impairments and found that Plaintiff could still perform the requirements of "light exertion" work. *Id.* at 70–75; 77–84. For these reasons, the Court finds that the ALJ properly considered Plaintiff's spinal impairment in determining his RFC.

(b) Migraines

The ALJ also considered Plaintiff's migraines through testimony, outside medical opinions, and prior administrative medical findings to determine his RFC. The ALJ noted Plaintiff's testimony during the administrative hearing where he described "severe debilitating headaches" that required him to be in a dark room once or twice a week. Tr. at 24. However, the ALJ found Plaintiff's testimony unsubstantiated by the medical record. *Id.* at 29. The ALJ noted March 14, 2019 and April 26, 2021 medical visits, visits almost two years apart, where Plaintiff denied headaches. *Id.* at 26–27. Further, the ALJ considered the State Agency medical consultant report in May 2022, which reviewed medical evidence about Plaintiff's migraines and found that Plaintiff could still perform the requirements of "light exertion" work. *Id.* at 77–84.

Granted, in an apparent effort to comprehensively review Plaintiff's impairments, the ALJ cited an April 2022 Veterans Affair report that determined Plaintiff was disabled due to back and headache impairments related to his military service. *Id.* at 29, 219–22. The Court notes that this report's determination conflicts with the other medical opinions and administrative medical findings. However, "[c]onflicts of evidence are for the Commissioner, not the courts, to resolve." *Sun*, 793 F.3d at 508. Further, "nor, in the event of evidentiary conflict or uncertainty," may the Court substitute its judgment for the Commissioner's, "even if [it] believe[s] the evidence weighs against the Commissioner's decision." *Garcia*, 880 F.3d at 704. The record reflects a

comprehensive review by the ALJ of Plaintiff's impairments. Accordingly, considering the totality of the evidence the ALJ cited, the Court finds that the ALJ properly considered Plaintiff's migraines in determining his RFC.

The ALJ adequately considered Plaintiff's spinal impairments and migraines in determining his RFC. Because the ALJ considered these impairments in subsequent steps of the analysis, any step two error the ALJ could have committed is harmless error.

### III. CONCLUSION

For these reasons, the Court **ORDERS** that the decision of the Commissioner be **AFFIRMED** pursuant to 28 U.S.C. § 636(c).

**SIGNED** and **ENTERED** this 30th day of September, 2024.

_____
**MIGUEL A. TORRES**
**UNITED STATES MAGISTRATE JUDGE**